UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-8369-KK** | Date: | March 3, 2022 |
|---|---|---|---|

Title:   ***Annette S.[1] v. Kilolo Kijakazi, Acting Commissioner of Social Security[2]***

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **(In Chambers) Order to Show Cause Why Counsel's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) Should Not Be Denied for Failure to Comply with 20 C.F.R. § 404.1725(a)(7) and Court Orders**

**I.**
**BACKGROUND**

On September 27, 2018, Plaintiff Annette S. ("Plaintiff") filed the Complaint in this action. ECF Docket No. ("Dkt.") 1.  Plaintiff alleged the Commissioner of the Social Security Administration ("Defendant") improperly denied Plaintiff's application for Title II Disability Insurance Benefits.  Id.

On October 1, 2018, the Court issued a Case Management Order ("CMO").  Dkt. 8.  For "[a]ny motion or petition for attorney fees pursuant to Title 42 of the United States Code, section 406(b)," the CMO requires:

Plaintiff's counsel shall electronically file a motion or petition for attorney fees pursuant to Section 406(b) and manually serve hard copies on the Office of Regional Counsel and on plaintiff by ground mail.  Plaintiff's counsel shall state in any notice

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted as the Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

that plaintiff may file any statement or opposition with the Court not more than **fourteen (14) days** after service of the motion or petition, and that any statement or opposition filed by plaintiff shall be served on both plaintiff's counsel and the SAUSA or AUSA.

Id. at 10 (emphasis in original).

On August 20, 2019, the Court found Defendant erred in denying Plaintiff's application and entered Judgment reversing and remanding the case for further administrative proceedings. Dkts. 24, 25.

On February 10, 2022, Plaintiff's counsel, Patricia L. McCabe ("Counsel"), filed a Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"). Dkt. 28. The Motion seeks an award in the gross amount of $23,059.88 for representing Plaintiff. Id. at 3-4.

## II.
## DISCUSSION

Where counsel files a motion for fees for representing a claimant in an action for social security benefits, counsel must provide a statement showing notice has been provided to the claimant. 20 C.F.R. § 404.1725(a)(7); dkt. 8; see also Holder v. Astrue, No. CIV.05-3521-PHX (RCB), 2009 WL 1363538, at *3 (D. Ariz. May 7, 2009) ("There is no question but that, when making section 406(b) applications, as here, attorneys are required to give notice to their clients as to the existence of such application." (internal quotation marks omitted)).

Here, Counsel failed to comply with 20 C.F.R. § 404.1725(a)(7) and the CMO because she failed to file a document establishing when and in what manner Plaintiff was served with the Motion. See 20 C.F.R. § 404.1725(a)(7); dkt. 8 at 10. Counsel further failed to adhere to the CMO because she failed to provide notice that Plaintiff may file any statement or opposition with the Court not more than fourteen (14) days after service of the motion. See dkt. 8 at 10. Thus, Counsel must show cause why the Motion should not be denied based upon her failure to comply with 20 C.F.R. § 404.1725(a)(7) and the CMO.

## III.
## ORDER

If Counsel desires to pursue the Motion, Counsel must: (1) serve copies of the Motion and Motion-related documents on Plaintiff; (2) provide notice to Plaintiff that she may file a statement or opposition to the Motion with the Court not more than fourteen (14) days after service; and (3) file written verification of the foregoing with the Court **no later than March 10, 2022. The Court warns Counsel that failure to timely act as directed in this Order will result in denial of the Motion without prejudice.**